IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| A.T., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.: 3:17-cv-62-MHT-GMB |
| ) | |
| PHENIX CITY BOARD OF ) | |
| EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 2, 2017, Plaintiff A.T., a minor child, by and through his mother, Julie Torreyson and grandfather, Robert Torreyson, filed a complaint against Defendants Phenix City Board of Education ("PCBOE"), Phenix City Intermediate School ("PCIS"), Jason Stamp ("J. Stamp"), Dr. Kelley Suchman ("Suchman"), and Amy Stamp ("A. Stamp") (collectively, "Defendants"), seeking compensation for physical and emotional abuse he allegedly suffered at school in violation of "the rights guaranteed to him under the United States Constitution and laws, and the Constitution and laws of the State of Alabama." Doc. 1. Plaintiffs were represented by counsel at the time the complaint was filed. This matter was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate on May 9, 2017. Doc. 30.

On March 3, 2017, the Stamps and Suchman moved to dismiss the complaint for failure to state a claim. Doc. 15. On March 6, 2017, PCBOE and PCIS also moved to

dismiss the complaint for failure to state a claim. Doc. 19. The court ordered that Plaintiffs respond to the motions to dismiss by March 22, 2017, and that Defendants reply by March 29, 2017. Doc. 23.

Two days before Plaintiffs' replies were due, counsel for Plaintiffs moved to withdraw, citing a breakdown in the attorney-client relationship such that their continued representation of Plaintiffs would result in a violation of the Rules of Professional Conduct and would impose an unreasonable financial burden on them. Docs. 24 & 25. Counsel also requested that, if permitted to withdraw, the court provide Plaintiffs with additional time to retain new counsel and to respond to Defendants' motions to dismiss. Docs. 24 & 25.

On March 23, 2017, the court held a hearing on the motions to withdraw. At the hearing, counsel represented that there had been a complete breakdown in communication with their clients and that they would be unduly burdened if required to continue their representation. As a result, the court granted the motions to withdraw, leaving Plaintiffs temporarily *pro se*, but permitting them until May 1, 2017 to retain new counsel and to have counsel file a notice of appearance with the court. Doc. 28. The court also granted Plaintiffs an extension until May 1, 2017 to respond to Defendants' motions to dismiss. To date, Plaintiffs have not retained new counsel, nor have they responded in any way to the court's March 31, 2017 order.

Accordingly, the court recommends that Plaintiffs' complaint be dismissed. As an initial matter, since Plaintiffs' counsel has withdrawn and new counsel has not appeared, Julie Torreyson and Robert Torreyson are purportedly representing A.T., a minor child, *pro se*. However, the statute permitting *pro se* appearances in federal court applies only to

parties conducting their own cases and not to parties who seek to represent the interests of others. *See* 28 U.S.C. § 1654. "Under the law of this Circuit, parents do not have the right to **represent** their children in federal court." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576 (11th Cir. 1997). For this reason, Plaintiffs were ordered to retain new counsel. They have failed to do so and have offered no explanation for their failure.

Indeed, Plaintiffs have wholly failed to comply with the court's March 31, 2017 order, indicating an abandonment of this action. A "district court's power to control its docket includes the inherent power to dismiss a case." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 998 (11th Cir. 1983). Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal of a case is permitted "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Eleventh Circuit precedent holds that "[t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotation marks omitted). The court concludes that Plaintiffs not only failed to communicate with their former counsel, but they failed to comply with the court's March 31, 2017 order, and in turn failed to prosecute their claims. This establishes a clear record of delay if not contempt. Even so, the court recommends that Plaintiffs' claims be dismissed without prejudice. Here, a dismissal without prejudice ameliorates concerns about the severity of the sanction since the conduct subject to the complaint occurred in late 2015 and 2016, apparently well within the statute of limitations if Plaintiffs were to file another lawsuit in a timely manner. Plaintiffs' history of

nonparticipation in the attorney-client relationship and failure to respond to orders also compels the finding that any lesser sanction would not suffice to bring them into compliance or to ensure their fulsome participation in this lawsuit.

Accordingly, it is the RECOMMENDATION of the undersigned that Plaintiffs' complaint be DISMISSED WITHOUT PREJUDICE for failure to prosecute and for failure to comply with the orders of the court.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **May 24, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 10th day of May, 2017.

                                        /s/ Gray M. Borden
                                  UNITED STATES MAGISTRATE JUDGE